By the Court.—Barbour, C. J.
The bill of lading in this case contained this provision : “ The goods to "be taken from alongside by the consignee immediately the vessel is ready to discharge, or otherwise they will be landed by the master, and deposited at the expense of the consignee, and at his risk of fire, loss, or injury, in the warehouse provided for that purpose cm the steamship wharf at Jersey City, or sent to the public store,” etc. The goods were landed from the ship and placed alongside ready for delivery to the consignees, and were there delivered, through mistake, by the employés of the defendants to some swindler, who thus stole and carried them away.
The clause in the bill of lading above set forth is in effect agreement on the part of the carriers that they will keep the goods safely, and deposit them in a warehouse or in a public store, in case they shall not be taken from alongside the ship by the owner. The provision that the property shall be thus kept and stored at the owner’s risk of fire, loss, etc., was intended to cover such injury or loss as might be sustained while the goods were thus stored. The property remained in the possession of the carriers, therefore, under their con *520 tract, at the time such goods were delivered Tby their servants to the thief. The defendants are therefore liable to the plaintiffs for the loss of the goods, and the latter must have j udgment upon the. verdict accordingly, with “costs.
Morell and Freedmar, JJ., concurred.
Rote.'—See the' case of Gleadell d. Thomson (Superior Court Deports, vol. 35 [3 Jones & Spencet'], p. 232), decided at General Term, February, 1873. Opinion of the Court, by Yah Vorst, J.
A bill of lading with similar provisions was considered by the court.
Reporters.